MATTER OF S—

In VISA PETITION Proceedings

A-11673066

*Decided by Assistant Commissioner July 10, 1961*

**First preference status—Tailor—Qualifying experience must be acquired after age 21.**

First preference status will not be accorded to a tailor unless he has had at least five years' journeyman experience in all the hand and/or machine sewing operations necessary to make an entire garment such as a suit, dress, or overcoat, and such experience was acquired after the age of 21 years. ( Supersedes *Matter of B—S—, Inc.,* 7—423.)

### BEFORE THE ASSISTANT COMMISSIONER

**DISCUSSION:** This case has been certified to the Assistant Commissioner, Examinations.

The petition in this case was submitted to classify the beneficiary who is a tailor as a first preference quota immigrant under section 203(a)(1) of the Immigration and Nationality Act. On April 17, 1961, the District Director in Chicago, Illinois, denied the petition. The petitioner appealed the decision to the Regional Commissioner, St. Paul, Minnesota, and upon review the Regional Commissioner affirmed the denial.

The nature of the petitioner's business is retail clothing and furnishings. The business began in 1853 and it currently employs about 250 persons. The petitioner seeks the services of the beneficiary as a tailor to make men's coats and suits from patterns and customers' measurements, fit garments, make alterations and do some repairs. The beneficiary is twenty-four years of age. His qualifications are attested to in a detailed statement by his former employer describing the beneficiary's experience as a tailor from 1948 to 1960, including over seven years of journeyman experience in all the sewing operations necessary to make men's and women's suits and overcoats.

In order for a first preference petition to be approved, it must be established (1) that there is an urgent need for high quality services that can be performed only by persons of high education, technical training, specialized experience, or exceptional ability; (2)

that the beneficiary is qualified to perform such services; and (3) that the services to be performed by the beneficiary will be substantially beneficial prospectively to the national economy, cultural interests, or welfare of the United States.

As evidence of urgent need, there has been submitted a clearance order from the Bureau of Employment Security stating that qualified workers are not available within the United States for referral to the employer. It will be conceded that an independent investigation by this Service would confirm the existing shortage of tailors. It will also be conceded that an investigation abroad would establish the competence of the beneficiary as a tailor. Consequently, the sole question to be resolved is whether the services to be performed by the beneficiary will be substantially beneficial prospectively to the national economy, cultural interests, or welfare of the United States.

A large percentage of the first preference petitions filed with the Service has been in behalf of tailors. As a result, the Service has acquired considerable experience with regard to tailors and the tailoring industry. Appropriate inquiries revealed that many tailors who had gained admission as first preference quota immigrants left the industry in a relatively short time after arrival in the United States to seek employment in a more lucrative field, or deserted the tailor trade when it became personally convenient to do so. In most cases it was found that this was primarily true of the younger tailors many of whom had acquired almost all of their occupational experience in their teens. Because of the serious consequences to the tailoring industry from the continuing loss of persons specially brought to the United States by the industry to fill tailor shortages, it became necessary to take steps to relieve the situation in view of the statutory requirement that a first preference classification be accorded only to immigrants whose services would be substantially beneficial prospectively to the national economy, cultural interests, or welfare of the United States. Accordingly, on November 19, 1958, to assure that the qualifying experience was acquired during maturity, and that it was acquired for the serious purpose of pursuing a lasting career, the Service established the policy that first preference petitions for tailors would be approved only when a satisfactory showing was made that the beneficiary had an aggregate of five years' experience as a journeyman tailor subsequent to attaining the age of twenty-one years. Many months earlier, representatives of labor and industry had agreed that a minimum of five years of actual working experience in the performance of all the hand and/or machine sewing operations to make an entire garment, such as a suit or overcoat, were necessary for an individual to be recognized as a skilled tailor.

It is, therefore, the ruling of this Service that a first preference visa petition for a tailor may not be approved unless it is established that the beneficiary has acquired five years' journeyman experience in all the hand and/or machine sewing operations necessary to make an entire garment, such as a suit, dress, or overcoat, and such experience was acquired after the age of 21 years. *Matter of B—S—, Inc.*, 7—423, is superseded.

The beneficiary in this case does not have five years of the requisite experience after age twenty-one and, therefore, fails to qualify for a first preference quota classification as a tailor.

The decision of the Regional Commissioner is affirmed.

**ORDER:** It is ordered that the petition be denied.